MARTIN H. MYERS (State Bar No. 130218)
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA 94104-2878
Telephone: (415) 772-6000
Facsimile: (415) 772-6268

Attorneys for Plaintiff
ADOBE SYSTEMS INCORPORATED

DONALD M. CARLEY (State Bar No. 178889)
PETER R. SOARES (State Bar No. 206715)
SONNENSCHEIN NATH & ROSENTHAL LLP
525 Market Street, 26th Floor
San Francisco, CA 94105-2708
Telephone: (415) 882-5000
Facsimile: (415) 882-0300

Attorneys for Defendant
ST. PAUL FIRE AND MARINE
INSURANCE COMPANY

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| ADOBE SYSTEMS INCORPORATED, a Delaware corporation,<br><br>        Plaintiff,<br><br>   v.<br><br>ST. PAUL FIRE AND MARINE INSURANCE COMPANY, a Minnesota corporation,<br><br>        Defendant. | Case No. C 07 0385 JSW<br><br>STIPULATION AND [PROPOSED] PROTECTIVE ORDER RE DISCLOSURE OF CONFIDENTIAL INFORMATION |

*SONNENSCHEIN NATH & ROSENTHAL LLP*
*525 MARKET STREET, 26TH FLOOR*
*SAN FRANCISCO, CALIFORNIA 94105-2708*
*(415) 882-5000*

1        To facilitate production and receipt of information during discovery in the above-

2  referenced action, plaintiff Adobe Systems Incorporated and defendant St. Paul Fire and Marine

3  Insurance Company (collectively, the "Parties"), by and through their respective undersigned

4  counsel and subject to the Court's approval, hereby stipulate and agree as follows with respect to

5  the disclosure of confidential information in this litigation:

6        1.   As used herein, "CONFIDENTIAL INFORMATION" shall mean information that

7  the Designating Party (as defined below) believes in good faith contains, reflects or discloses the

8  following: (a) material non-public insider information, confidential information, and/or

9  commercially sensitive or proprietary information; (b) information that a party is under a duty to

10  preserve as confidential under a court or administrative order, by agreement with or obligation to

11  a third person; or (c) other information which the Designating Party believes in good faith must

12  be maintained in confidence to protect its business or commercial interests. By designating a

13  document, thing, material, testimony or other information derived therefrom as

14  "CONFIDENTIAL," under the terms of this Stipulation and Order ("Protective Order"), the

15  Designating Party is certifying to the Court that there is a good faith basis in law and in fact for

16  the designation within the meaning of Federal Rule of Civil Procedure Rule 26(g). "Designating

17  Party" shall mean the entity who designates documents, testimony or information as

18  "CONFIDENTIAL INFORMATION" under this Stipulation and Order.

19        2.   This Protective Order shall be applicable to and govern all documents or

20  information, including duplicates, properly designated as "CONFIDENTIAL," which are

21  produced or exchanged in this action, including such documents or information produced

22  voluntarily in the course of settlement discussions or negotiations, in initial disclosures,

23  depositions, documents produced in response to requests for production of documents, answers

24  to interrogatories, responses to requests for admissions and all other discovery taken pursuant to

25  the Federal Rules of Civil Procedure and other information which is designated as

26  "CONFIDENTIAL," hereafter furnished by or on behalf of a party or nonparty in connection

27  with this action. This Protective Order shall not apply to, and shall not restrict a party's use of

28  any information, document or item a party has obtained independently of a production or

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

- 1 -

1    disclosure that was made under a CONFIDENTIALITY designation, even if the independent

2    information, document or item is identical or similar to information or a document or an item

3    that has separately been produced or disclosed under a CONFIDENTIALITY designation.

4         3.    CONFIDENTIAL material shall be used by the parties to this litigation solely for

5    the purpose of conducting this litigation (including the evaluation and negotiations of

6    settlement) entitled, *Adobe Systems Incorporated v. St. Paul Fire and Marine Insurance*

7    *Company*, United States District Court for the Northern District of California, Case No. C 07

8    0385 JSW, and not for any other purpose whatsoever.

9         4.    Material designated as CONFIDENTIAL may be disclosed only to the following

10   persons:

11        (a)    Any party to this action, as well as any employee, agent, insurer, reinsurer or other

12   representative of those persons to the extent any such persons have a need to know the material

13   in order to assist in or evaluate the litigation. Before being provided material designated as

14   "CONFIDENTIAL," any such person (other than parties and employees of parties) shall sign a

15   certificate and agreement to be bound in the form of Exhibit A hereto.

16        (b)    Outside counsel of record in this litigation and staff and supporting personnel of

17   such attorneys, such as paralegal assistants, secretarial, clerical employees and contractors, and

18   outside stenographic and copying services, who are working on this litigation under the direction

19   of such attorneys and to whom it is necessary that the materials be disclosed for purposes of this

20   litigation.

21        (c)    Persons who are expressly retained or sought to be retained by a party as

22   consultants or testifying experts, including but not limited to such experts as accountants,

23   statisticians, economists, and industry or technical experts; provided that the disclosure of

24   CONFIDENTIAL material to any persons under this subparagraph shall only be to the extent

25   necessary to perform their work on this litigation or determine whether they should be retained

26   or designated as an expert or a consultant. Such persons must sign a certificate and agreement to

27   be bound in the form of Exhibit A hereto prior to such disclosure.

28

(d)    The author of the document or the original source of the information, any person the document or information on its face indicates had previously received or reviewed it independently of discovery in this action, any person who is identified in another document or another witness's testimony as having previously received or reviewed the document or information independently of discovery in this action, and any other person as to whom, by way of deposition testimony or by agreement of the parties, a foundation has been laid that otherwise shows the witness to be likely to have known the contents of the document or information independently of discovery in this action.

(e)    Any other persons who are authorized to receive CONFIDENTIAL material by order of this Court, after notice to the parties, or by written stipulation of the parties.

(f)    Any person of whom testimony is taken in this action.

(g)    The Court and Court personnel, and court reporters and their staff.

5.    This Protective Order shall be without prejudice to any party's right to seek modification of its terms or to seek greater or lesser protection for any particular material.  If any party deems in good faith that certain information, documents or things are extraordinarily sensitive and, therefore, inappropriate for treatment merely as "CONFIDENTIAL" discovery material, that party may seek, including by filing a motion or by obtaining a stipulation or agreement, a protective order limiting the disclosure of such documents, including an order that such documents be limited to "attorneys' eyes only."  The parties agree to meet and confer in good faith concerning the need for an additional protective order with respect to any such documents.

6.    Prior to disclosing materials designated as CONFIDENTIAL to any expert witness or expert consultant, or any non-party whose testimony is to be taken in the action, the disclosing party shall obtain that person's express agreement to comply with the terms of this Protective Order.  With respect to any non-party of whom testimony is taken in the action, that party's agreement shall be stated on the deposition record before examination of the witness's knowledge regarding the CONFIDENTIAL material proceeds.  No such person shall: (a) use material designated CONFIDENTIAL for any purpose other than in connection with this

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
RE DISCLOSURE OF CONFIDENTIAL INFORMATION

1    litigation, or (b) disclose designated material to any person not already permitted to receive that

2    material. The foregoing shall not apply with respect to any materials reflecting or embodying

3    correspondence or communications with the third-party from whom such testimony is taken.

4        7.    The recipient of any CONFIDENTIAL material that is provided under this

5    Protective Order shall use such material only for purposes of this litigation and shall maintain

6    such material in a manner intended to preserve, and shall use its best efforts to maintain, the

7    confidentiality of such information.

8        8.    Parties shall designate CONFIDENTIAL material as follows:

9        (a)    In the case of documents, interrogatory answers, responses to requests for

10   admissions, and the information contained therein, designation shall be made by placing the

11   following legend, as is appropriate, on each page of any such document prior to production:

12   "CONFIDENTIAL." All such designations shall be made at the time of production, disclosure,

13   or tender to the receiving party.

14       (b)    In the case of depositions, designation of those transcripts (including exhibits) that

15   contain CONFIDENTIAL material shall be made by a statement to such effect on the record

16   during the course of the deposition by any counsel. Counsel shall attempt to identify and

17   designate in good faith those portions of the transcript and exhibits that contain

18   CONFIDENTIAL material, and those portions of the transcript and exhibits so identified shall

19   be separately marked by the court reporter as containing CONFIDENTIAL material. If no such

20   designation is made by a statement to such effect on the record during the course of the

21   deposition, within thirty (30) days after the mailing of the transcript to counsel by the court

22   reporter, counsel may designate portions of the transcript and exhibits as containing

23   CONFIDENTIAL material by serving notice upon all other parties. Such notice shall specify

24   the particular portions of the transcript that counsel wishes to designate as containing

25   CONFIDENTIAL material by listing on a separate sheet of paper the numbers of the pages of

26   the transcript and exhibits containing CONFIDENTIAL material so that the sheet may be

27   affixed to the face of the transcript and each copy thereof. If no designation is made by a

28   statement to such effect on the record during the course of the deposition or within thirty (30)

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

- 4 -
STIPULATION AND [PROPOSED] PROTECTIVE ORDER
RE DISCLOSURE OF CONFIDENTIAL INFORMATION

1   days after the mailing of the transcript to counsel by the court reporter, the transcript shall be

2   considered not to contain any CONFIDENTIAL material.  Portions of the transcript (including

3   exhibits) designed as CONFIDENTIAL may only be disclosed in accordance with the terms of

4   this Protective Order.

5       (c)   A party furnishing documents and things to another party shall have the option to

6   require that all or batches of documents and things be treated as CONFIDENTIAL during

7   inspection and to make its designations of particular documents and things at the time copies of

8   documents and things are produced or furnished.

9       9.   Nothing contained in this Protective Order shall affect the right of any party to

10   make any objection, claim any privilege, or otherwise contest any request for production of

11   documents, interrogatory, request for admission, or question at a deposition or to seek further

12   relief or protective order from the Court.  Nothing in this Protective Order shall constitute an

13   admission or waiver of any claim or defense by any party.

14       10.   Entering into this stipulated Protective Order, agreeing to and/or producing or

15   receiving CONFIDENTIAL material or otherwise complying with the terms of the Protective

16   Order shall not:

17       (a)   Operate as an admission by any party that any material designated

18   "CONFIDENTIAL" contains or reflects trade secrets or any other type of confidential or

19   proprietary information entitled to protection under applicable law;

20       (b)   Prejudice in any way the rights of any party to seek a determination by this Court

21   whether any CONFIDENTIAL or other material should be subject to the terms of the Protective

22   Order;

23       (c)   Prejudice in any way the rights of any party to petition the Court for permission to

24   dislose or use particular CONFIDENTIAL material more broadly than would otherwise be

25   permitted by the terms of the Protective Order.

26       11.   In the event that any CONFIDENTIAL material is used in any court proceeding in

27   connection with this litigation, it shall be filed under seal under applicable Local Court Rules

28   concerning the filing of confidential documents.

- 5 -
STIPULATION AND [PROPOSED] PROTECTIVE ORDER
RE DISCLOSURE OF CONFIDENTIAL INFORMATION

12. A party shall not be obligated to challenge the propriety of a CONFIDENTIAL designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any time with a designation during the pendency of this action, such party shall provide to the designating party written notice of its disagreement. The parties shall first try to resolve such dispute in good faith. If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court. The burdens of proving that material has been properly designated as CONFIDENTIAL, and that such material is of a trade secret or other confidential nature requiring its continuing protection, is on the party making such designation.

13. Nothing in this Protective Order shall preclude any party to the lawsuit or its counsel:

(a) from showing a document designated as CONFIDENTIAL to an individual who either prepared or reviewed the document prior to the filing of this action;

(b) from disclosing or using, in any manner or for any purpose, any information or documents from the party's own files which the party itself has designated as CONFIDENTIAL; or

(c) from disclosing or using, in any manner or for any purpose, any information or documents designated as CONFIDENTIAL by a non-adverse, affiliated party or nonparty.

However material previously designated as CONFIDENTIAL shall lose its protected status under this Order if it is intentionally used or disclosed under this paragraph in any manner contrary to its confidentiality designation.

14. Nothing in this Protective Order shall prevent disclosure beyond the terms of this Protective Order if the party designating the information as CONFIDENTIAL material consents in writing to such disclosure, or if a Court orders such disclosure. Further, nothing in this Protective Order shall prevent disclosure of CONFIDENTIAL materials beyond the terms of this Protective Order to any governmental regulatory agency as required by law. A party requested to disclose CONFIDENTIAL material to a nonparty in a validly served subpoena, civil investigative demand, discovery procedure, or other formal discovery request shall give

- 6 -
STIPULATION AND [PROPOSED] PROTECTIVE ORDER
RE DISCLOSURE OF CONFIDENTIAL INFORMATION

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

1   notice of such request, by facsimile and first class mail, upon counsel of record for the party

2   which designated the material as CONFIDENTIAL as soon as is reasonably possible.

3       15.   The inadvertent or unintentional disclosure by the Designating Party of

4   CONFIDENTIAL material during the course of this litigation, regardless of whether the

5   information was so designated at the time of disclosure, shall not in and of itself be deemed a

6   waiver in whole or in part of a party's claim of confidentiality, either as to the specific

7   information disclosed or as to any other information relating thereto or on the same or related

8   subject matter, providing that the Designating Party shall notify the receiving party of such

9   inadvertent production promptly after the Designating Party discovers such inadvertent

10  production. Counsel for the parties shall in any event, to the extent possible, upon discovery of

11  inadvertent error, cooperate to restore the confidentiality of the CONFIDENTIAL material that

12  was inadvertently or unintentionally disclosed.

13      16.   If CONFIDENTIAL material is disclosed to anyone other than in a manner

14  authorized by this Protective Order, the party responsible for such disclosure shall immediately

15  bring all pertinent facts relating to said disclosure to the attention of the Designating Party, and

16  make every reasonable and responsible effort to retrieve such CONFIDENTIAL material and to

17  prevent further disclosure.

18      17.   This Protective Order shall not be construed to apply to any information that: (a) is

19  available to the public other than through a breach of this Protective Order or other duty of

20  confidentiality; (b) was already known to the party at the time of disclosure and was not subject

21  to conditions of confidentiality; or (c) that was developed by a party independently of any

22  disclosure by a designating party.

23      18.   Within ninety (90) days after the termination of litigation between the parties by

24  final, fully signed settlement agreement or by conclusion of all available appeals or exhaustion

25  of all time periods for such appeals, all CONFIDENTIAL material and all copies thereof shall,

26  at the option of the Designating Party, be either returned to the party that produced it or

27  destroyed and a certification of destruction supplied to the Designating Party; provided,

28  however, that each party, each in-house and each outside counsel may retain one complete and

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

unredacted set of pleadings and papers filed with the Court or served on or by the other party, including all discovery requests, responses, document productions, and deposition transcripts. Such retained copy of pleadings and papers shall be maintained in a file accessible only by in-house and outside Counsel bound by this Protective Order. This Protective Order shall survive the final termination of this litigation with respect to any such retained CONFIDENTIAL material.

19. CONFIDENTIAL material filed with the Court, and any pleadings or memoranda reproducing or quoting the confidential portion of any material bearing a CONFIDENTIAL designation, shall be filed in sealed envelopes under the seal of this Court in accordance with Local Rule 79-5, and shall not be available for public inspection without further order of the Court. Except for Court personnel, no such envelopes containing CONFIDENTIAL material shall be opened without an order from this Court identifying the person or persons who may have access to the sealed material and specifically identifying which portions of the designated material may be revealed to them.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

- 8 -
STIPULATION AND [PROPOSED] PROTECTIVE ORDER
RE DISCLOSURE OF CONFIDENTIAL INFORMATION

20.     Until such time as this Protective Order has been entered by the Court, the parties agree that upon execution by the parties, it will be treated as though it has been so ordered.

IT IS SO STIPULATED.

HELLER EHRMAN LLP

Dated:  June 1, 2007

By: _____ /s/ Martin H. Myers _____
            MARTIN H. MYERS

Attorneys for Plaintiff
ADOBE SYSTEMS INCORPORATED

Dated:  June 1, 2007

SONNENSCHEIN NATH & ROSENTHAL LLP

By: _____ /s/ Donald M. Carley _____
            DONALD M. CARLEY

Attorneys for Defendant
ST. PAUL FIRE AND MARINE INSURANCE
COMPANY

IT IS SO ORDERED, with the consent of the parties, this 6th day of June, 2007.

By: _____
The Honorable Jeffrey S. White

United States District Court Judge
Northern District of California

27268901

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
RE DISCLOSURE OF CONFIDENTIAL INFORMATION

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA  94105-2708
(415) 882-5000

## EXHIBIT A

ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], declare under penalty of perjury under the laws of the United States that I have read and understand the Stipulated Protective Order that was issued on _____, 2007 in the case of *Adobe Systems Incorporated v. St. Paul Fire and Marine Insurance Company*, United States District Court for the Northern District of California, Case No. C 07 0385 JSW ("Order"). I agree to comply with and to be bound by all the terms the Order and I understand and acknowledge that failure to so comply could expose me to Court sanctions and/or punishment. I will not disclose in any manner any information or item that is subject to the Order to any person or entity except in strict compliance with the provisions of the Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California, for the purpose of enforcing the terms of this Agreement to Be Bound, even if such enforcement proceedings occur after termination of the Case referenced above.

Dated: _____          /s/ _____
                                              Name

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000