IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ADOBE SYSTEMS INCORPORATED, a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>ST. PAUL FIRE AND MARINE INSURANCE COMPANY, a Minnesota Corporation,<br><br>Defendant. | Case No.: C 07-00385 JSW<br><br>**STIPULATION AND [PROPOSED] PROTECTIVE ORDER RE NON-WAIVER OF ATTORNEY-CLIENT PRIVILEGE AND WORK PRODUCT DOCTRINE**<br><br>The Honorable Jeffrey S. White |

WHEREAS, defendant St. Paul Fire and Marine Insurance Company ("St. Paul") issued Policy No. TE09404801 (the "Policy") to plaintiff Adobe Systems Incorporated ("Adobe");

WHEREAS, this lawsuit concerns, among other things, Adobe's allegations that St. Paul is obligated under the Policy to defend and indemnify Adobe in connection with Claims made and asserted by Agfa Monotype Corporation and International Typeface Corporation (collectively, "Agfa/ITC") which resulted in the following underlying proceedings: (1) *Agfa Monotype Corp. et. al. v. Adobe Systems Incorporated*, No. 1:02-cv-06320 (N.D. Illinois); (2) *International Typeface Corp. v. Adobe Systems Incorporated*, No. 1:02-cv-08256 (N.D. Illinois); (3) *Adobe Systems Incorporated v. International Typeface Corporation et al.,* No. 5:02-cv-04176 (N.D. California); and (4) arbitration proceedings which commenced in London on or about September 4, 2002 between Adobe and Agfa/ITC in accordance with the Chartered Institute of Arbitrators Arbitration Rules (2000 ed.) (collectively, the Claims and proceedings are referred to as the "Underlying Actions");

WHEREAS, St. Paul has requested that Adobe produce invoices (the "Invoices") reflecting the attorney's fees and costs incurred by Adobe in connection with the Underlying Actions, and Adobe is preparing to produce the Invoices;

WHEREAS, Adobe believes that the Invoices constitute and/or contain attorney-client communications and/or attorney work product, and St. Paul disputes these contentions;

WHEREAS, in a December 4, 2007 order, the Court ordered Adobe to produce the Invoices on a rolling basis, with the final documents produced no later than December 20, 2007, subject to entry of a protective order "to protect the production from constituting a waiver of the attorney-client privilege or a waiver of the attorney work product protection;"

WHEREAS, Adobe is preparing to produce additional documents generated in connection with the Underlying Actions that Adobe believes constitute and/or contain attorney-client communications and/or attorney work product (the "Other Underlying Documents"), such as (1) correspondence between Adobe and its outside counsel in the Underlying Actions; and (2) other documents from the files of Adobe's in-house and outside counsel in the Underlying Actions. The term "Other Underlying Documents" does not include: (a) pleadings from the Underlying Actions;

Heller Ehrman LLP

2

STIPULATION AND PROTECTIVE ORDER RE NON-WAIVER OF PRIVILEGE
CASE NO. C 007-00385 JSW

(b) correspondence exchanged between Adobe and Agfa/ITC in the Underlying Actions; or (c) documents produced by Adobe, Agfa/ITC, or third parties in the Underlying Actions;

WHEREAS, St. Paul may dispute that some or all of the Other Underlying Documents constitute and/or contain attorney-client communications and/or attorney work product;

NOW, THEREFORE, IT IS HEREBY STIPULATED by and among the parties hereto, through their respective counsel of record, as follows:

1. Adobe's production of Invoices or Other Underlying Documents in this action does not constitute a waiver of the attorney-client privilege and/or the protections of the attorney work product doctrine, to the extent such privilege and protections are applicable, whether as to: (a) the Invoices or Other Underlying Documents themselves; (b) the subjects referenced in the Invoices or Other Underlying Documents; or (c) any other or broader subject matter.  St. Paul is prohibited from arguing that the fact of Adobe's production of the Invoices or Other Underlying Documents constitutes such a waiver.  However, St. Paul has the right to otherwise assert that the Invoices or Other Underlying Documents do not constitute and/or contain attorney-client communications and/or attorney work product.  Subject to this Order and the Court's December 4, 2007 Order, the Court may resolve on a later date all issues of privilege and work product protection as they relate to the Invoices and Other Underlying Documents and to their subject matter.

2. If a party (the "Producing Party") inadvertently produces a document in discovery and later, upon becoming aware of its disclosure, promptly requests its return on the grounds that it should have been withheld from disclosure and it is protected from production in this lawsuit by the attorney-client privilege and/or the work product doctrine, the other party (the "Receiving Party") shall return the document and all copies thereof (whether in the hand of the Receiving Party's outside counsel, the Receiving Party's in-house counsel or employees, or third parties, including but not limited to document vendors and expert witnesses), and destroy all electronic versions of the document, within 5 business days.  However, in the event that the Receiving Party disputes the Producing Party's claim as to the protected nature of the inadvertently disclosed document, a single copy may be sequestered and retained by and under the control of the Receiving Party for the sole purpose of seeking prompt court determination of the issue pursuant to Federal Rule of Civil

Heller Ehrman LLP

3

Procedure 26(b)(5)(B). The Receiving Party is prohibited from arguing that the fact of the Producing Party's production of the document constitutes a waiver of the attorney-client privilege and/or work product doctrine. The provisions of this paragraph apply regardless of the number of documents inadvertently produced by a Producing Party.

**IT IS SO STIPULATED.**

DATED: December 13, 2007          HELLER EHRMAN LLP


                                  By */s/ Raymond H. Sheen*
                                         RAYMOND H. SHEEN

                                  Attorneys for Plaintiff
                                  ADOBE SYSTEMS INCORPORATED


DATED: December __, 2007          SEDGWICK DETERT MORAN & ARNOLD LLP


                                  By_____
                                         MARK HANCOCK

                                  Attorneys for Defendant
                                  ST. PAUL FIRE AND MARINE INSURANCE
                                  COMPANY

**[PROPOSED] ORDER**

**IT IS SO ORDERED.**

Dated: _____     By: _____
                                        The Honorable Jeffrey S. White
                                        United States District Court Judge
                                        Northern District of California

Procedure 26(b)(5)(B). The Receiving Party is prohibited from arguing that the fact of the Producing Party's production of the document constitutes a waiver of the attorney-client privilege and/or work product doctrine. The provisions of this paragraph apply regardless of the number of documents inadvertently produced by a Producing Party.

**IT IS SO STIPULATED.**

DATED: December __, 2007     HELLER EHRMAN LLP

By_____
RAYMOND H. SHEEN

Attorneys for Plaintiff
ADOBE SYSTEMS INCORPORATED

DATED: December 13, 2007     SEDGWICK DETERT MORAN & ARNOLD LLP

By_____
MARK HANCOCK

Attorneys for Defendant
ST. PAUL FIRE AND MARINE INSURANCE COMPANY

[PROPOSED] ORDER

**IT IS SO ORDERED.**

Dated: __December 13, 2007__     By: _____
The Honorable Jeffrey S. White
United States District Court Judge
Northern District of California

4

STIPULATION AND PROTECTIVE ORDER RE NON-WAIVER OF PRIVILEGE
CASE NO. C 007-00385 JSW