Heller
Ehrman LLP

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ADOBE SYSTEMS INCORPORATED, a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>ST. PAUL FIRE AND MARINE INSURANCE COMPANY, a Minnesota Corporation,<br><br>Defendant. | Case No.: C 07-00385 JSW<br><br>**STIPULATION AND [PROPOSED] PROTECTIVE ORDER RE DEPOSITIONS**<br><br>The Honorable Jeffrey S. White |

WHEREAS, defendant St. Paul Fire and Marine Insurance Company ("St. Paul") issued Policy No. TE09404801 (the "Policy") to plaintiff Adobe Systems Incorporated ("Adobe");

WHEREAS, this lawsuit concerns, among other things, Adobe's allegations that St. Paul is obligated under the Policy to defend and indemnify Adobe in connection with Claims made and asserted by Agfa Monotype Corporation and International Typeface Corporation (collectively, "Agfa/ITC") which resulted in the following underlying proceedings: (1) *Agfa Monotype Corp. et. al. v. Adobe Systems Incorporated*, No. 1:02-cv-06320 (N.D. Illinois); (2) *International Typeface Corp. v. Adobe Systems Incorporated*, No. 1:02-cv-08256 (N.D. Illinois); (3) *Adobe Systems Incorporated v. International Typeface Corporation et al.*, No. 5:02-cv-04176 (N.D. California); and (4) arbitration proceedings which commenced in London on or about September 4, 2002 between Adobe and Agfa/ITC in accordance with the Chartered Institute of Arbitrators Arbitration Rules (2000 ed.) (collectively, the Claims and proceedings are referred to as the "Underlying Actions");

WHEREAS, Adobe has produced invoices (the "Invoices") regarding attorneys fees and costs in connection with the Underlying Actions;

WHEREAS, Adobe believes that the Invoices constitute and/or contain attorney-client communications and/or attorney work product, and St. Paul disputes these contentions;

WHEREAS, in a December 4, 2007 order, the Court ordered Adobe to produce the Invoices on a rolling basis, with the final documents produced no later than December 20, 2007, subject to entry of a protective order "to protect the production from constituting a waiver of the attorney-client privilege or a waiver of the attorney work product protection," which protective order was entered on December 13, 2007;

WHEREAS, Adobe is producing additional documents generated in connection with the Underlying Actions that Adobe believes constitute and/or contain attorney-client communications and/or attorney work product (the "Other Underlying Documents"), such as (1) correspondence between Adobe and its outside counsel in the Underlying Actions; and (2) other documents from the files of Adobe's in-house and outside counsel in the Underlying Actions. The term "Other Underlying Documents" does not include: (a) pleadings from the Underlying Actions; (b)

correspondence exchanged between Adobe and Agfa/ITC in the Underlying Actions; or (c) documents produced by Adobe, Agfa/ITC, or third parties in the Underlying Actions;

WHEREAS, St. Paul may dispute that some or all of the Other Underlying Documents constitute and/or contain attorney-client communications and/or attorney work product;

WHEREAS, St. Paul intends to depose, and has deposed, current or former employees, agents or in-house or outside counsel for Adobe, and may seek and/or has sought to examine them on subjects regarding the Underlying Actions, including the contents of the Invoices or the Other Underlying Documents;

WHEREAS, Adobe believes that testimony regarding the Invoices, Other Underlying Documents, or other subjects regarding the Underlying Actions may constitute and/or contain attorney-client communications and/or attorney work product, and St. Paul disputes these contentions;

NOW, THEREFORE, IT IS HEREBY STIPULATED by and among the parties hereto, through their respective counsel of record, as follows:

The fact that any current or former Adobe employee, agent, in-house counsel or outside counsel testifies or gives evidence regarding the Invoices, Other Underlying Documents, the subject matter of the Invoices or Other Underlying Documents, or other subjects regarding the Underlying Actions does not constitute a waiver of the attorney-client privilege and/or the protections of the attorney work product doctrine, to the extent such privilege and protections are applicable, whether as to: (a) the Invoices; (b) Other Underlying Documents; (c) the subject matter of the Invoices or Other Underlying Documents; or (d) any other or broader subject matter. St. Paul is prohibited from arguing that the fact that such testimony or evidence is provided constitutes such a waiver. However, St. Paul has the right to otherwise assert that the Invoices, Other Underlying Documents, the subject matter of the Invoices or Other Underlying Documents, other subjects regarding the Underlying Actions, or any other or broader subject matter, do not constitute and/or contain attorney-client communications and/or attorney work product. Subject to this Order, the December 13, 2007 Stipulated Protective Order Re Non-Waiver of Attorney-Client Privilege and Work Product Doctrine, and the Court's December 4, 2007 Order, the Court may resolve on a later date

3

all issues of privilege and work product protection as they relate to the Invoices, Other Underlying Documents, the subject matter of the Invoices or Other Underlying Documents, other subjects regarding the Underlying Actions, or any other or broader subject matter.

The provisions of this Protective Order apply to all depositions of Adobe's current or former employees, agents, in-house counsel or outside counsel in this action, whether the depositions were taken before, on, or after the date on which this Stipulated Protective Order was fully executed by the parties.

IT IS SO STIPULATED.

DATED: February 5, 2008         HELLER EHRMAN LLP

                                By _____
                                       RAYMOND H. SHEEN

                                Attorneys for Plaintiff
                                ADOBE SYSTEMS INCORPORATED

DATED: February __, 2008        SEDGWICK DETERT MORAN & ARNOLD LLP

                                By _____
                                       MARK HANCOCK

                                Attorneys for Defendant
                                ST. PAUL FIRE AND MARINE INSURANCE
                                COMPANY

**[PROPOSED] ORDER**

**IT IS SO ORDERED.**

Dated: _____    By: _____
                                       The Honorable Jeffrey S. White
                                       United States District Court Judge
                                       Northern District of California

all issues of privilege and work product protection as they relate to the Invoices, Other Underlying Documents, the subject matter of the Invoices or Other Underlying Documents, other subjects regarding the Underlying Actions, or any other or broader subject matter.

The provisions of this Protective Order apply to all depositions of Adobe's current or former employees, agents, in-house counsel or outside counsel in this action, whether the depositions were taken before, on, or after the date on which this Stipulated Protective Order was fully executed by the parties.

**IT IS SO STIPULATED.**

DATED: February __, 2008           HELLER EHRMAN LLP


                                   By _____
                                       RAYMOND H. SHEEN

                                   Attorneys for Plaintiff
                                   ADOBE SYSTEMS INCORPORATED


DATED: February 5, 2008            SEDGWICK DETERT MORAN & ARNOLD LLP


                                   By _/s/ Mark Hancock_____
                                       MARK HANCOCK

                                   Attorneys for Defendant
                                   ST. PAUL FIRE AND MARINE INSURANCE
                                   COMPANY

~~[PROPOSED]~~ ORDER

**IT IS SO ORDERED.**

Dated: __February 6, 2008__       By: _/s/ Jeffrey S. White_____
                                       The Honorable Jeffrey S. White
                                       United States District Court Judge
                                       Northern District of California

4

STIPULATION AND PROTECTIVE ORDER RE DEPOSITIONS
CASE NO. C 007-00385 JSW