1

IN THE UNITED STATES DISTRICT COURT

2

FOR THE NORTHERN DISTRICT OF CALIFORNIA

3

4   ADOBE SYSTEMS,                                No. C07-00385 JSW (MEJ)

5              Plaintiff,                          ORDER RE: DISCOVERY DISPUTES

6       vs.

7   ST. PAUL FIRE & MARINE INS. CO.,

8              Defendant.
                                    /
9

10                              **I.  INTRODUCTION**

11       Before the Court is the parties' joint meet and conferral letter filed on February 8, 2008,

12   regarding disputed revised  production of documents.

13                              **II.  BACKGROUND**

14
         Plaintiff and Defendant are unable to agree regarding Defendant's response to Plaintiff's
15
     Requests for Production Nos. 26-28, 30, 34, 36, 46 and 84.  The parties attest that counsel met and
16
     conferred in person on January 25 and February 7, 2008 and were unable to come to agreement on
17
     the requests for production.
18
         On February 8, 2008, the parties submitted their joint meet and conferral letter regarding
19
     disputed  Requests for Production of Documents, along with Plaintiff's Requests for Production
20
     attached as exhibits.
21
                                **III.  DISCUSSION**
22
     <u>Legal Standard</u>
23
         Federal Rule of Civil Procedure 26(b)(1) states:
24
         Parties may obtain discovery regarding any matter, not privileged, that is
25       relevant to the claim or defense of any party, including the existence,
         description, nature, custody, condition, and location of any books, documents,
26       or other tangible things and the identity and location of persons having
         knowledge of any discoverable matter.  For good cause, the court may order
27       discovery of any matter relevant to the subject matter involved in the action.
         Relevant information need not be admissible at the trial if the discovery
28       appears reasonably calculated to lead to the discovery of admissible evidence.

1    All discovery is subject to the limitations imposed by Rule 26(b)(2)(I), (ii),
2    and (iii).

     Federal Rule of Civil Procedure 26(b)(2)(I) through (iii) states, in pertinent part, as follows:

3
4    The frequency or extent of use of the discovery methods otherwise permitted
     under these rules and by any local rule shall be limited by the court if it
5    determines that: (I) the discovery sought is unreasonably cumulative or
     duplicative, or is obtainable from some other source that is more convenient,
6    less burdensome, or less expensive; (ii) the party seeking discovery has had
     ample opportunity by discovery in the action to obtain the information sought;
7    or (iii) the burden or expense of the proposed discovery outweighs its likely
     benefit, taking into account the needs of the case, the amount in controversy,
8    the parties' resources, the importance of the issues at stake in the litigation,
     and the importance of the proposed discovery in resolving the issues.

9    <u>Legal Analysis</u>

10   **A.      Disputed Requests for Production**

11          1.      Request for Production No. 26

12          Revised Request for Production No. 26 states as follows: "Any DOCUMENTS relating to

13   defense counsel or panel counsel to whom YOU assigned the defense of any claims under policies

14   providing errors and omission insurance and involving "wrongful acts" against YOUR insureds with

15   proceedings in California, Illinois or the United Kingdom from 2001 to present."

16          Plaintiff's counsel states that these documents are necessary to respond to Defendant's

17   challenge of the reasonableness of attorneys' fees and expenses incurred by Plaintiff.

18          In the parties joint meet and conferral letter, Plaintiff's counsel claims that Defendant

19   asserted privilege although some aspects of the fee arrangements are not privileged and subject to

20   discovery.

21          Defendant responded to the Request for Production No. 26 as follows:

22   St. Paul objects to this request on the ground that it is overbroad and unduly
     burdensome.  St. Paul further objects to this request on the ground that it
23   seeks information which is outside the scope of permissible discovery.  St.
     Paul also objects to this request to the extent it seeks documents protected by
24   the attorney-client privilege.

25
26          Although Defendant argues that the documents are over broad, unduly burdensome and

27   protected by the attorney-client privilege, Plaintiff responded that these documents are necessary to

28                                                    2

prove the reasonableness of attorneys' fees and other fees incurred.  Consequently, the Court finds that Request for Production No. 26 is overly broad and should be limited to the fee arrangements and billing statements for claims of errors and omission insurance during inception year of 2001 to the year of denial in 2003.  These fee arrangements and billing statements should merely provide a general description of work done, which are not privileged and relevant to the reasonableness of fees incurred.  Accordingly, the Court ORDERS Defendant to produce only the documents accounting for fee arrangements and billing statements for claims of errors and omission insurance from 2001 to 2003.  The Court also ORDERS the Defendant to provide an attorney-client privileged log for the information sought that is privileged.  If Defendant cannot obtain all of the information, Defendant shall submit an affidavit attesting that it has produced all information relating to fees providing errors and omission insurance.  Should the parties continue to dispute the Request for Production No. 26, the Court ORDERS the parties to meet and confer.

   2.  Request for Production No. 27

   Request for Production No. 27 states as follows: "Any guidelines, practices or procedures under which YOU sought to have defense counsel or panel counsel defending your claims against YOUR insured operate, including without limitation any litigation management guidelines, from 2001 to the present."

   Plaintiff's counsel claims these documents are necessary because it is necessary to respond to Defendant's challenge of the reasonableness of attorneys' fees and expenses incurred by Plaintiff.

   In the parties joint meet and conferral letter, Plaintiff's counsel claims that Defendant asserted privilege although some aspects of the fee arrangements are not privileged and subject to discovery.

   Defendant responded to Request for Production No. 27:

St. Paul objects to this request on the ground that it is overbroad.  St. Paul further objects to this request on the ground that it seeks information which is outside the scope of discovery. St. Paul also objects to this request to the event it seeks documents protected by the attorney-client privilege.

   In the parties joint meet and conferral letter, Defendant's counsel states that the guidelines

United States District Court

For the Northern District of California

3

1    requested are not at issue because the claim was already denied and Plaintiff's counsel in the

2    underlying action did not operate under St. Paul's guidelines.

3        Although Defendant argues that the documents are over broad and  protected by the attorney-

4    client privilege, Plaintiff responded that these documents are necessary to prove the reasonableness

5    of attorneys' fees and other fees incurred.  Therefore, the Court finds that Request for Production

6    No. 27 is overly broad and should be limited to the extent not privileged beginning at the inception

7    year of 2001 to the year of denial in 2003.  The Court finds years subsequent to 2003 are not

8    relevant to the present case.  Accordingly, the Court ORDERS Defendant to produce the guidelines,

9    practices or procedures limited to 2001 to 2003.  The Court also ORDERS the Defendant to provide

10   an attorney-client privileged log for the information sought that is privileged.  Should the parties

11   continue to dispute the Request for Production No. 27, the Court ORDERS the parties to meet and

12   confer.

13        3.       Request for Production No. 28

14

15        Request for Production No. 28 states as follows: "All DOCUMENTS relating to any dispute

16   between YOU and any other PERSON regarding the applicability, application, enforceability or

17   enforcement of any litigation management guidelines or similar DOCUMENTS during the period of

18   2001 to the present."

19        Plaintiff's counsel claims these documents are necessary because it is necessary to respond to

20   Defendant's challenge of the reasonableness of attorneys' fees and expenses incurred by Plaintiff.

21        In the parties joint meet and conferral letter, Plaintiff's counsel claims that Defendant

22   asserted privilege although some aspects of the fee arrangements are not privileged and subject to

23   discovery.

24        Defendant responded to Request for Production No. 28 as follows:

25        St. Paul objects to this request on the ground that it is overbroad and unduly
     burdensome. St. Paul further objects to this request on the ground that it seeks
26   information which is outside of the permissible scope of discovery.

27        Although Defendant argues that the documents are over broad, unduly burdensome and

28                                              4

United States District Court
For the Northern District of California

1  outside the permissible scope of discovery, Plaintiff responded that these documents are necessary to

2  prove the reasonableness of attorneys' fees and other fees incurred.   Therefore, the Court finds that

3  Request for Production No. 28 is overly broad and should be limited to only claims of error and

4  omission insurance during inception year of 2001 to the year of denial in 2003.  Accordingly, the

5  Court ORDERS Defendant to produce only the documents involving claims of error and omission

6  insurance during inception year of 2001 to the year of denial in 2003.  If Defendant cannot obtain all

7  of the information, Defendant shall submit an affidavit attesting that it has produced all information

8  relating to fees providing errors and omission insurance.  Should the parties continue to dispute the

9  Request for Production No. 26, the Court ORDERS the parties to meet and confer.

10              4.        Request for Production No. 30

11              Request for Production No. 30 states as follows: "All DOCUMENTS related to any claims

12  by any of YOUR insureds in the software or other technology industries, between 2001 and the

13  present, for errors and omissions insurance coverage for third party claims asserted against the

14  insured(s) by PERSONS other than consumers, including without limitation claims asserted by one

15  or more vendors to the insured(s)."

16              Plaintiff claims that, they are entitled to discovery on St. Paul's handling of claims involving

17  its insureds' vendors and other non-consumers, to determine whether and to what extent the

18  Defendant has adhered to its proffered interpretation, and to present evidence to the jury to the

19  extent the Defendant presents at trial.

20              Defendant responded to Request for Production No. 30 as follows:

21              St. Paul objects to this request on the ground that it is overbroad.. St. Paul
            further objects on the ground that the term "consumers" is undefined and
22          vague and ambiguous.  St. Paul further objects to this request on the ground
            that it seeks documents in violation of privacy rights of third-party St. Paul
23          insureds founded in or protected by the United States Constitution, the
            California Constitution, the common law and/or any applicable rule,
24          regulation, or, statutory authority.  St. Paul further objects to this request on
            the ground that it seeks information which is outside the permissible scope of
25          discovery.

26              In the parties joint meet and conferral letter, Defendant's counsel argues that, "the issues in

27  this case are to be decided based on *this policy* and on the facts of this claim, not based on how

28                                                         5

1   third-party claims may be handled by St. Paul.  Moreover, Defendant's counsel claims that "there is

2   no reasonable way for St. Paul to even search for such issue-specific documents among St. Paul's

3   huge volume of files, which are not organized in a way that would facilitate this."

4          Although Defendant argues that the documents are over broad and outside the permissible

5   scope of discovery, Plaintiff responded that these documents are necessary to determine whether and

6   to what extent Defendant has adhered to its proffered interpretation.  Consequently, the Court finds

7   that Request for Production No. 30 is overly broad and should be limited to claims of errors and

8   omission insurance brought by vendors or other non-consumers during inception year of 2001 to the

9   year of denial in 2003, which are not stamped as "confidential."  Accordingly, the Court ORDERS

10  Defendant to produce only the documents related to any claims by the Defendant in the software or

11  other technology industries, between 2001 to 2003, for errors and omissions insurance coverage for

12  third party claims which are not stamped as "confidential".  Should the parties continue to dispute

13  the Request for Production No. 30, the Court ORDERS the parties to meet and confer.

14         5.     Request for Production No. 34

15         Request for Production No. 34 states as follows: "All DOCUMENTS related to any third

16  party claims under errors and omissions policies (or portions of policies) by any of YOUR insureds

17  between 2001 and the present in which YOU have paid, have agreed to pay, or have been ordered to

18  pay any amounts, including without limitation for defense fees and costs, incurred by the insured

19  allegedly notified YOU of the 'claim.'"

20         Plaintiff's counsel claims these documents are necessary because this request seeks

21  discovery on situations in which St. Paul has agreed or has been required to pay "pre-tender" fees.

22  According to Plaintiff's counsel these documents go directly to St. Paul's own understanding of and

23  practice regarding when such "pre-tender" fees must be paid.

24         Defendant responded to Revised Request for Production No. 34 as follows:

25         St. Paul objects to this request on the ground that it is overbroad and unduly
           burdensome in that there is no reasonable way for St. Paul to perform a search
26         of the large quantity of claims it has handled since 2001 in search of
           information responsive to this request.  St. Paul further objects to this request
27         on the ground that it seeks documents in violation of third-party privacy rights

28
                                              6

founded in or protected by the United States Constitution, the California Constitution, the common law and/or any applicable rule, regulation, or statutory authority.  St. Paul further objects to this request on the ground that it seeks information which is outside the permissible scope of discovery. St. Paul also objected to this request to the extent it seeks documents protected by the attorney-client privilege.

Although Defendant argues that the documents are over broad, unduly burdensome and protected by attorney-client privilege.  Plaintiff responded that these documents are necessary and highly relevant to the Defendant's own understanding of and practice regarding when such "pre-tender" expenses must be paid.  Consequently, the Court finds that Request for Production No. 34 is overly broad and should be limited to the extent not privileged documents during inception year of 2001 to the year of denial in 2003.  Accordingly, the Court ORDERS Defendant to produce only the documents related to any third party claims under errors and omissions policies between 2001to 2003 including without limitation for defense fees and costs to the extent not privileged.  The Court also ORDERS the Defendant to provide an attorney-client privileged log for the information sought that is privileged.  If Defendant cannot obtain all of the information, Defendant shall submit an affidavit attesting that it has produced all information relating to claims and fees providing errors and omission insurance.  Should the parties continue to dispute the Request for Production No. 34, the Court ORDERS the parties to meet and confer.

6.    Request for Production No. 36

Request for Production No. 36 states as follows: "All DOCUMENTS related to any third party claims under errors and omissions policies (or portions of policies) between 2001 and the present in which YOU have paid, have agreed to pay, or have been ordered to pay any amounts incurred by the insured in connection with lawsuits, counterclaims and affirmative claims filed or brought by the insured(s), including without limitation, lawsuits, counterclaims and affirmative claims in which the insured(s) seek(s) declaratory relief."

Plaintiff's counsel claims Adobe is entitled to discovery on other instances in which Defendant has agreed or been required to pay defense expenses in situations where its insured was the putative plaintiff or counter-plaintiff.

7

1   Defendant responded to Request for Production No. 36:

2   St. Paul objects to this request on the ground that it is overbroad and unduly
    burdensome in that there is no reasonable way for St. Paul to perform a search

3   of the large quantity of claims it has handled since 2001 in search of
    information responsive to this request.  St. Paul further objects to this request

4   on the ground that it seeks documents in violation of third-party privacy rights
    founded in or protected by the United States Constitution, the California

5   Constitution, the common law and/or any applicable rule, regulation, or
    statutory authority.  St. Paul further objects to this request on the ground that

6   it seeks information which is outside the permissible scope of discovery. St.
    Paul also objected to this request to the extent it seeks documents protected by

7   the attorney-client privilege.

8   Although Defendant argues that the documents are over broad, unduly burdensome

9   and protected by attorney-client privilege. Plaintiff responded that they are necessary in preparation

10  for litigation at trial.  Consequently, the Court finds that Request for Production No. 36 is overly

11  broad and should be limited to the extent not privileged documents during inception year of 2001 to

12  the year of denial in 2003.  Accordingly, the Court ORDERS Defendant to produce only the

13  documents to the extent not privileged related to any third party claims under errors and omissions

14  policies between 2001 to  2003 in which the Defendant paid, agreed to pay or have been ordered to

15  pay any amounts incurred by the insured in connection with lawsuits, counterclaims and affirmative

16  claims filed or brought by the insured. The Court also ORDERS the Defendant to provide an

17  attorney-client privileged log for the information sought that is privileged.  If Defendant cannot

18  obtain all of the information, Defendant shall submit an affidavit attesting that it has produced all

19  information relating to claims and fees providing errors and omission insurance.  Should the parties

20  continue to dispute the Request for Production No. 36, the Court ORDERS the parties to meet and

21  confer.

22      7.      Request for Production No. 46

23      Request for Production No. 46 states as follows: "All DOCUMENTS constituting or relating

24  to any underwriting manuals, checklists, guidance, requirements or best practices of any kind which

25  YOU maintain or have maintained at any time since 2001 applicable to errors and omissions

26  insurance, general liability insurance or any other form of insurance provided under the POLICY."

27      Plaintiff's counsel states that this information is necessary because this policy is the "primary

28

8

1  policy form at issue here."  Additionally, the documents explain "St. Paul's understanding of the

2  very E&O form incorporated into the Adobe policy, regardless of whether the document was

3  generated before or after the issuance of the policy."

4      Defendant responded to Request for Production No. 46 as follows:

5      St. Paul objects to this request on the ground that it is overbroad in that it
       seeks documents for a time period which does not entirely relate to the claim
6      and policy at issue and it seeks documents for policies other than the
       Technology Errors and Omissions policy at issue in this case. For these same
7      reasons, it seeks documents which are outside the permissible scope of
       discovery and St. Paul objects to the request on that ground. Without waiving
8      ESC objects in that this request is not , and subject to, these objections, St.
       Paul responds that it will produce the following documents:
9      1. the Technology Processing manual [SPTP 000001-SPTP 00205];
       2. The Technology Coding manual [SPTC 00001-SPTC 00060}; and
10     3. Technical Errors and Omissions Liability Information dated 12/17/01 [SP-
       TEO 000001- SP-TEO 000004].

11

12     In the parties' joint meet and conferral letter, Defendant's counsel states that "*St. Paul*

13 *already provided Adobe with the underwriting manuals and best practices documents which applied*

14 *to the policy at issue in this case.*"  Further, Defendant's counsel argues "this manual is used for

15 rating policies and it would have no relation to the underwriting of the policy at issue years before or

16 to claims handling."  Additionally, Defendant's counsel claims that "St. Paul produced all non-

17 privileged documents called for by the order months ago."

18     The Court finds that 2001 to 2003 are the relevant years to the policy at issue in this case.  As

19 Plaintiff's claims is for non-coverage in 2003, therefore, 2004 to the present is not relevant.  Further,

20 Defendant states that they already provided the Plaintiff with the relevant materials.  Thus,

21 Defendant need not provide further documentation to Request for Production No. 46. Although, the

22 Court ORDERS the Defendant to provide the Technology Processing manual [SPTP 000001-SPTP

23 00205], Technology Coding manual [SPTC 00001-SPTC 00060} and Technical Errors and

24 Omissions Liability Information [SP-TEO 000001-SP-TEO 000004] from 2001 to 2003.

25 8.    Request for Production No. 84

26     Request for Production No. 84 states as follows: "All DOCUMENTS relating in any way to

27 *Josh Agle, Inc. v. Adobe Systems Incorporated et al.*, United States District Court for the Central

28                                                9

1    District of California No. SACV 07-756 DOC(RNBx)('Agle"), including without limitation any

2    claim for insurance coverage for *Agle.*

3         Plaintiff's counsel states that this information is necessary because "St. Paul's handling of

4    the *Agle* claim-which may directly mention and involve Agfa/ITC claim, the plaintiffs of the

5    underlying action, which may reveal St. Paul's posture towards Adobe's claims for coverage."

6         Defendant responded to Request for Production No. 84 as follows:

7         St. Paul objects to this request on the ground that it is overbroad, vague and
     ambiguous, outside of the permissible scope of discovery and may seek
8         documents that are protected by third-party privacy rights.

9         In the parties' joint meet and confer letter, Defendant's counsel states that "St. Paul's

10   handling of any claim relating to Josh Agle, Inc. has no bearing on the coverage of issues in this

11   case."

12        Although Plaintiff responded that they are necessary in preparation for litigation at trial;

13   Defendant argues that the documents are over broad, vague, ambiguous, outside the permissible

14   scope of discovery and may seek documents that are protected by third-party rights unduly

15   burdensome and protected by third party privilege.  Consequently, the Court finds that Request for

16   Production No. 84 is overly broad and outside the scope of permissible discovery.  Thus, Defendant

17   need not provide further documentation to Request for Production No. 84.

18

19                              **IV.  CONCLUSION**

20   The Court ORDERS as follows:

21   1)        Plaintiff shall limit the scope of Request for Production No. 26 to 2001-2003.  Defendant

22             shall then respond to Revised Request for Production No. 26, providing only the documents

23             accounting for fee arrangements and billing statements for claims of errors and omission

24             insurance.  Defendant shall also provide an attorney-client privileged log for the information

25             sought that is privileged.  If Defendant cannot obtain all of the information, Defendant shall

26             submit an affidavit attesting that it has produced all information relating to fees providing

27             errors and omission insurance.

28                                        10

United States District Court
For the Northern District of California

2)      Plaintiff shall limit the scope of Request for Production No. 27 to 2001-2003.  Defendant shall then respond to Revised Request for Production No. 27,  providing the documents limited to the extent not privileged.  Defendant shall also provide an attorney-client privileged log for the information sought that is privileged.

3)      Plaintiff shall limit the scope of Request for Production No. 28 to 2001-2003. Defendant shall respond to Revised Request for Production 28 to produce only the documents involving claims of error and omission insurance.  If Defendant cannot obtain all of the information, Defendant shall submit an affidavit attesting that it has produced all information relating to fees providing errors and omission insurance.

4)      Plaintiff shall limit the scope of Request for Production No. 30 to 2001-2003. Defendant shall respond to Revised Request for Production 30 to produce only the documents related to any claims by the Defendant in the software or other technology industries.

5)      Plaintiff shall limit the scope of Request for Production No. 34 to 2001-2003. Defendant shall respond to Revised Request for Production 34 by providing all documents related to any third party claims under errors and omissions policies.  Defendant shall also provide an attorney-client privileged log for the information sought that is privileged.  If Defendant cannot obtain all of the information, Defendant shall submit an affidavit attesting that it has produced all information relating to fees providing errors and omission insurance.

6)      Plaintiff shall limit the scope of Request for Production No. 36 to 2001-2003. Defendant shall respond to Revised Request for Production 36 by providing all documents to produce only the documents to the extent not privileged related to any third party claims under errors and omissions.  Defendant shall also provide an attorney-client privileged log for the information sought that is privileged.  If Defendant cannot obtain all of the information, Defendant shall submit an affidavit attesting that it has produced all information relating to fees providing errors and omission insurance.

7)      Defendant shall produce the Technology Processing manual [SPTP 000001-SPTP 00205], Technology Coding manual [SPTC 00001-SPTC 00060} and Technical Errors and

11

1    Omissions Liability Information [SP-TEO 000001-SP-TEO 000004] from 2001 to 2003.

2    8)    Defendant need not provide further documentation to Request for Production No. 84.

3

4

5    IT IS SO ORDERED.

6

7    Dated: April 9, 2008

8    MAR
     Unite

9



10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                                    12