United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ADOBE SYSTEMS,

Plaintiff,

vs.

ST. PAUL FIRE & MARINE INS. CO.,

Defendant.
_____________________________________/

No. C07-00385 JSW (MEJ)

**ORDER RE: DISCOVERY DISPUTES**

**I. INTRODUCTION**

Before the Court is the parties' joint meet and conferral letter filed on February 8, 2008, regarding disputed revised production of documents.

**II. BACKGROUND**

Plaintiff and Defendant are unable to agree regarding Defendant's response to Plaintiff's first set of Special Interrogatories Nos. 5-16. The parties attest that counsel met and conferred in person on January 25 and February 7, 2008 and were unable to come to agreement on the sufficiency of the responses to the Special Interrogatories.

On February 8, 2008, the parties submitted their joint meet and conferral letter regarding disputed Special Interrogatories, along with Plaintiff's Requests for Production attached as exhibits.

## III. DISCUSSION

Legal Standard

Federal Rule of Civil Procedure 26(b)(1) states:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(I), (ii), and (iii).

Federal Rule of Civil Procedure 26(b)(2)(I) through (iii) states, in pertinent part, as follows:

> The frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that: (I) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Legal Analysis

**A. Disputed First Set of Special Interrogatories**

1. Special Interrogatory No. 5

First Set Special Interrogatory No. 5 states as follows: "IDENTIFY all individuals who drafted, authored, approved or contributed to Exhibit 1 to the REQUESTS FOR ADMISSION."

Plaintiff's counsel states that these documents are necessary because they are the Defendant's drafting history and interpretive documents regarding the Defendant's insurance policy at issue– all of which the Court ordered Defendant to produce in its July 30, 2007 Order.

In the parties joint meet and conferral letter, Plaintiff's counsel claims that Defendant failed to adequately answer the interrogatory, by qualifying the response by stating the each person "may have been" involved in preparing the document, or "possibly" or "probably" was. Additionally, Plaintiff's counsel believes the Defendant should investigate its privilege log, specifically,

United States District Court
For the Northern District of California

"(1)'Power Point Presentation at Galileo Agents Conference'; (2) 'St. Paul/Chubb Technology Errors & Omissions policy comparison'; (3) 'Technology Errors & Omissions-Training Issues"; and (4) 'revisions to 'Fast Underwriting Facts' training documents.'" Further, Plaintiff's counsel believes Defendant should interview Mr. McCoy and Ms. Beatty to determine if they recall who participated in preparing the documents.

Defendant responded to the Interrogatory No. 5 as follows:

> St. Paul objects to this request on the ground that it is vague and ambiguous and seeks information which is irrelevant and outside the permissible scope of discovery. Without waiving these objections, St. Paul responds as follows: St. Paul does not know with certainty who all of the people were who participated in the preparation of the document approximately seven years ago. However, St. Paul believes that those participating in the preparation or review of this document (other than the cover sheet, which appears to have been prepared by Barbara Zielinski) would be included Carol Beatty and Patrick McCoy and possibly Barry Butenhoff.

Although Plaintiff argues that these documents are necessary because they are the Defendant's drafting history and interpretive documents regarding the Defendant's insurance policy at issue, Defendant responded that they already provided complete responses. Further, Defendant claims Plaintiff has already deposed the three individuals identified in the Defendant's response to Special Interrogatory No. 5. Further, those three deposed, Ms. Beatty, Mr. McCoy and Mr. Butenhoff provided their best recollection as to the roles and involvement that they and others had in preparing the documents. Therefore, under Federal Rule of Civil Procedure 26(b)(2)(I), the Court finds that the Defendant already provided complete responses and any other further responses would be unreasonably duplicative. However, the Court ORDERS the Defendant and Defendant's counsel to review its privileged logs entries (1) "Power Point Presentation at Galileo Agents Conference"; (2) "St. Paul/Chubb Technology Errors & Omission policy comparison"; (3) "Technology Errors & Omissions-Training Issues"; and (4) "revisions to 'Fast Underwriting Facts' training documents" to determine whether there are other possible individuals involved in the preparing the documents. If there are additional names of individuals involved the Court ORDERS the Defendant to divulge those names to the Plaintiff. If Defendant cannot obtain any more names, Defendant shall submit an affidavit attesting that it cannot find any other names of individuals involved. Should the parties continue to dispute the Interrogatory No. 5, the Court ORDERS the parties to meet and confer.

2. Special Interrogatory No. 6

First Set Special Interrogatory No. 6 states as follows: “IDENTIFY all individuals who drafted, authored, approved or contributed to Exhibit 2 to the REQUESTS FOR ADMISSION.”

Plaintiff’s counsel states that these documents are necessary because they are the Defendant’s drafting history and interpretive documents regarding the Defendant’s insurance policy at issue– all of which the Court ordered Defendant to produce in its July 30, 2007 Order.

In the parties joint meet and conferral letter, Plaintiff’s counsel claims that Defendant failed to adequately answer the interrogatory, by qualifying the response by stating the each person “may have been” involved in preparing the document, or “possibly” or “probably” was. Additionally, Plaintiff’s counsel believes Defendant should investigate its privilege log, specifically, “(1)‘Power Point Presentation at Galileo Agents Conference’; (2) ‘St. Paul/Chubb Technology Errors & Omissions policy comparison’; (3) ‘Technology Errors & Omissions-Training Issues”; and (4) ‘revisions to ‘Fast Underwriting Facts’ training documents.’” Further, Plaintiff’s counsel Defendant should interview Mr. McCoy and Ms. Beatty to determine if they recall who participated in preparing the documents.

Defendant responded to the Interrogatory No. 6 as follows:

> St. Paul objects to this request on the ground that it is vague and ambiguous and seeks information which is irrelevant and outside of the permissible scope of discovery. Without waiving these directions, St. Paul responds as follows: St. Paul does not know with certainty who all of the people were who participated in the preparation of this document approximately seven years ago. However, St. Paul believes that those participating in the preparation or review of this document probably included Barry Butenhoff, someone in St. Paul’s filing unit and Patrick McCoy.”

In parties joint meet and conferral letter, Defendant’s counsel further argues Defendant has

already provided complete responses, and the terminology "probably" appropriately reflects the degree of uncertainty.

Although Plaintiff argues that these documents are necessary because they are the Defendant's drafting history and interpretive documents regarding the Defendant's insurance policy at issue, Defendant responded that they already provided complete responses. Further, Defendant claims Plaintiff has already deposed the two individuals identified in the Defendant's response to Special Interrogatory No. 6. Further, those two deposed, Mr. McCoy and Mr. Butenhoff provided their best recollection as to the roles and involvement that they and others had in preparing the documents. Therefore, under Federal Rule of Civil Procedure 26(b)(2)(I), the Court finds that the Defendant already provided complete responses and any other further responses would be unreasonably duplicative. However, the Court ORDERS the Defendant and Defendant's counsel to review its privileged logs entries (1) "Power Point Presentation at Galileo Agents Conference"; (2) "St. Paul/Chubb Technology Errors & Omission policy comparison"; (3) "Technology Errors & Omissions-Training Issues"; and (4) "revisions to 'Fast Underwriting Facts' training documents" to determine whether there are other possible individuals involved in the preparing the documents. If there are additional names of individuals involved the Court ORDERS the Defendant to divulge those names to the Plaintiff. If Defendant cannot obtain any more names, Defendant shall submit an affidavit attesting that it cannot find any other names of individuals involved. Should the parties continue to dispute the Interrogatory No. 6, the Court ORDERS the parties to meet and confer.

3. Special Interrogatory No. 7

First Set Special Interrogatory No. 7 states as follows: "IDENTIFY all individuals who drafted, authored, approved or contributed to Exhibit 3 to the REQUESTS FOR

United States District Court
For the Northern District of California

ADMISSION."

Plaintiff's counsel states that these documents are necessary because they are the Defendant's drafting history and interpretive documents regarding the Defendant's insurance policy at issue– all of which the Court ordered Defendant to produce in its July 30, 2007 Order.

In the parties joint meet and conferral letter, Plaintiff's counsel claims that Defendant failed to adequately answer the interrogatory, by qualifying the response by stating the each person "may have been" involved in preparing the document, or "possibly" or "probably" was. Additionally, Plaintiff's counsel believes Defendant should investigate its privilege log, specifically, "(1)'Power Point Presentation at Galileo Agents Conference'; (2) 'St. Paul/Chubb Technology Errors & Omissions policy comparison'; (3) 'Technology Errors & Omissions-Training Issues"; and (4) 'revisions to 'Fast Underwriting Facts' training documents.'" Further, Plaintiff's counsel Defendant should interview Mr. McCoy and Ms. Beatty to determine if they recall who participated in preparing the documents.

Defendant responded to the Interrogatory No. 7 as follows:

> St. Paul objects to this request on the ground that it is vague and ambiguous and seeks information which is irrelevant and outside the permissible scope of discovery. Without waiving these objections, St. Paul responds as follows: St. Paul does not know with certainty who all of the people were who participated in the preparation of the document approximately seven years ago. However, St. Paul believes that those participating in the preparation or review of this document probably included Barry Butenhoff, someone in St. Paul's Form Support Services division and Patrick McCoy.

In parties joint meet and conferral letter, Defendant's counsel further argues Defendant has already provided complete responses, and the terminology "probably" appropriately reflects the degree of uncertainty.

Although Plaintiff argues that these documents are necessary because they are the

Defendant's drafting history and interpretive documents regarding the Defendant's insurance policy at issue, Defendant responded that they already provided complete responses.  Further, Defendant claims Plaintiff has already deposed the two individuals identified in the Defendant's response to Special Interrogatory No. 7.  Further, those two deposed, Mr. Butenhoff and Mr. McCoy provided their best recollection as to the roles and involvement that they and others had in preparing the documents.  Therefore, under Federal Rule of Civil Procedure 26(b)(2)(I), the Court finds that the Defendant already provided complete responses and any other further responses would be unreasonably duplicative.  However, the Court ORDERS the Defendant and Defendant's counsel to review its privileged logs entries (1) "Power Point Presentation at Galileo Agents Conference"; (2) "St. Paul/Chubb Technology Errors & Omission policy comparison"; (3) "Technology Errors & Omissions-Training Issues"; and (4) "revisions to 'Fast Underwriting Facts' training documents" to determine whether there are other possible individuals involved in the preparing the documents.  If there are additional names of individuals involved the Court ORDERS the Defendant to divulge those names to the Plaintiff.  If Defendant cannot obtain any more names, Defendant shall submit an affidavit attesting that it cannot find any other names of individuals involved.  Should the parties continue to dispute the Interrogatory No. 7, the Court ORDERS the parties to meet and confer.

      4.      Special Interrogatory No. 8

      First Set Special Interrogatory No. 8 states as follows: "IDENTIFY all individuals who drafted, authored, approved or contributed to Exhibit 4 to the REQUESTS FOR ADMISSION."

      Plaintiff's counsel states that these documents are necessary because they are the Defendant's drafting history and interpretive documents regarding the Defendant's insurance policy

United States District Court
For the Northern District of California

at issue– all of which the Court ordered Defendant to produce in its July 30, 2007 Order.

In the parties joint meet and conferral letter, Plaintiff's counsel claims that Defendant failed to adequately answer the interrogatory, by qualifying the response by stating the each person "may have been" involved in preparing the document, or "possibly" or "probably" was. Additionally, Plaintiff's counsel believes Defendant should investigate its privilege log, specifically, "(1)'Power Point Presentation at Galileo Agents Conference'; (2) 'St. Paul/Chubb Technology Errors & Omissions policy comparison'; (3) 'Technology Errors & Omissions-Training Issues"; and (4) 'revisions to 'Fast Underwriting Facts' training documents.'" Further, Plaintiff's counsel Defendant should interview Mr. McCoy and Ms. Beatty to determine if they recall who participated in preparing the documents.

Defendant responded to the Interrogatory No. 8 as follows:

> St. Paul objects to this request on the ground that it is vague and ambiguous and seeks information which is irrelevant and outside the permissible scope of discovery. Without waiving these objections, St. Paul responds as follows: St. Paul does not know with certainty who all of the people were who participated in the preparation of the document approximately seven years ago. However, St. Paul believes that those participating in the preparation or review of this document possibly included Barry Butenhoff, Patrick McCoy and/or Carol Beatty.

In parties joint meet and conferral letter, Defendant's counsel further argues Defendant has already provided complete responses, and the terminology "possibly" appropriately reflects the degree of uncertainty.

Although Plaintiff argues that these documents are necessary because they are the Defendant's drafting history and interpretive documents regarding the Defendant's insurance policy at issue, Defendant responded that they already provided complete responses. Further, Defendant claims Plaintiff has already deposed the three individuals identified in the Defendant's response to

Special Interrogatory No. 8.  Further, those three deposed, Mr. Butenhoff, Mr. McCoy and Ms. Beatty, provided their best recollection as to the roles and involvement that they and others had in preparing the documents.  Therefore, under Federal Rule of Civil Procedure 26(b)(2)(I), the Court finds that the Defendant already provided complete responses and any other further responses would be unreasonably duplicative.  However, the Court ORDERS the Defendant and Defendant's counsel to review its privileged logs entries (1) "Power Point Presentation at Galileo Agents Conference"; (2) "St. Paul/Chubb Technology Errors & Omission policy comparison"; (3) "Technology Errors & Omissions-Training Issues"; and (4) "revisions to 'Fast Underwriting Facts' training documents" to determine whether there are other possible individuals involved in the preparing the documents.  If there are additional names of individuals involved the Court ORDERS the Defendant to divulge those names to the Plaintiff.  If Defendant cannot obtain any more names, Defendant shall submit an affidavit attesting that it cannot find any other names of individuals involved.  Should the parties continue to dispute the Interrogatory No. 8, the Court ORDERS the parties to meet and confer.

     5.        Special Interrogatory No. 9

First Set Special Interrogatory No. 8 states as follows: "IDENTIFY all individuals who drafted, authored, approved or contributed to Exhibit 5 to the REQUESTS FOR ADMISSION."

Plaintiff's counsel states that these documents are necessary because they are the Defendant's drafting history and interpretive documents regarding the Defendant's insurance policy at issue– all of which the Court ordered Defendant to produce in its July 30, 2007 Order.

In the parties joint meet and conferral letter, Plaintiff's counsel claims that Defendant failed to adequately answer the interrogatory, by qualifying the response by stating the each person "may have been" involved in preparing the document, or "possibly" or "probably" was.  Additionally,

Plaintiff's counsel believes Defendant should investigate its privilege log, specifically, "(1)'Power Point Presentation at Galileo Agents Conference'; (2) 'St. Paul/Chubb Technology Errors & Omissions policy comparison'; (3) 'Technology Errors & Omissions-Training Issues"; and (4) 'revisions to 'Fast Underwriting Facts' training documents.'" Further, Plaintiff's counsel Defendant should interview Mr. McCoy and Ms. Beatty to determine if they recall who participated in preparing the documents.

Defendant responded to the Interrogatory No. 9 as follows:

> St. Paul objects to this request on the ground that it is vague and ambiguous and seeks information which is irrelevant and outside the permissible scope of discovery. Without waiving these objections, St. Paul responds as follows: St. Paul does not know with certainty who all of the people were who participated in the preparation of the document approximately seven years ago. However, St. Paul believes that those participating in the preparation or review of this document probably included Carol Beatty and Patrick McCoy and possibly included Barry Butenhoff.

In parties joint meet and conferral letter, Defendant's counsel further argues Defendant has already provided complete responses, and the terminology "probably" appropriately reflects the degree of uncertainty.

Although Plaintiff argues that these documents are necessary because they are the Defendant's drafting history and interpretive documents regarding the Defendant's insurance policy at issue, Defendant responded that they already provided complete responses. Further, Defendant claims Plaintiff has already deposed the three individuals identified in the Defendant's response to Special Interrogatory No. 9. Further, those three deposed, Ms. Beatty, Mr. McCoy and Mr. Butenhoff, provided their best recollection as to the roles and involvement that they and others had in preparing the documents. Therefore, under Federal Rule of Civil Procedure 26(b)(2)(I), the Court finds that the Defendant already provided complete responses and any other further responses would

United States District Court
For the Northern District of California

be unreasonably duplicative. However, the Court ORDERS the Defendant and Defendant's counsel to review its privileged logs entries (1) "Power Point Presentation at Galileo Agents Conference"; (2) "St. Paul/Chubb Technology Errors & Omission policy comparison"; (3) "Technology Errors & Omissions-Training Issues"; and (4) "revisions to 'Fast Underwriting Facts' training documents" to determine whether there are other possible individuals involved in the preparing the documents. If there are additional names of individuals involved the Court ORDERS the Defendant to divulge those names to the Plaintiff. If Defendant cannot obtain any more names, Defendant shall submit an affidavit attesting that it cannot find any other names of individuals involved. Should the parties continue to dispute the Interrogatory No. 9, the Court ORDERS the parties to meet and confer.

6. Special Interrogatory No. 10

First Set Special Interrogatory No. 10 states as follows: "IDENTIFY all individuals who drafted, authored, approved or contributed to Exhibit 6 to the REQUESTS FOR ADMISSION."

Plaintiff's counsel states that these documents are necessary because they are the Defendant's drafting history and interpretive documents regarding the Defendant's insurance policy at issue– all of which the Court ordered Defendant to produce in its July 30, 2007 Order.

In the parties joint meet and conferral letter, Plaintiff's counsel claims that Defendant failed to adequately answer the interrogatory, by qualifying the response by stating the each person "may have been" involved in preparing the document, or "possibly" or "probably" was. Additionally, Plaintiff's counsel believes Defendant should investigate its privilege log, specifically, "(1)'Power Point Presentation at Galileo Agents Conference'; (2) 'St. Paul/Chubb Technology Errors & Omissions policy comparison'; (3) 'Technology Errors & Omissions-Training Issues"; and (4)

'revisions to 'Fast Underwriting Facts' training documents.'" Further, Plaintiff's counsel Defendant should interview Mr. McCoy and Ms. Beatty to determine if they recall who participated in preparing the documents.

Defendant responded to the Interrogatory No. 10 as follows:

> St. Paul objects to this request on the ground that it is vague and ambiguous and seeks information which is irrelevant and outside the permissible scope of discovery. Without waiving these objections, St. Paul responds as follows: St. Paul does not know with certainty who all of the people were who participated in the preparation of the document approximately seven years ago. However, St. Paul believes that those participating in the preparation or review of this document possibly included Carol Beatty, Patrick McCoy and/or Barry Butenhoff.

In parties joint meet and conferral letter, Defendant's counsel further argues Defendant has already provided complete responses, and the terminology "possibly" appropriately reflects the degree of uncertainty.

Although Plaintiff argues that these documents are necessary because they are the Defendant's drafting history and interpretive documents regarding the Defendant's insurance policy at issue, Defendant responded that they already provided complete responses. Further, Defendant claims Plaintiff has already deposed the three individuals identified in the Defendant's response to Special Interrogatory No. 10. Further, those three deposed, Ms. Beatty, Mr. McCoy and Mr. Butenhoff, provided their best recollection as to the roles and involvement that they and others had in preparing the documents. Therefore, under Federal Rule of Civil Procedure 26(b)(2)(I), the Court finds that the Defendant already provided complete responses and any other further responses would be unreasonably duplicative. However, the Court ORDERS the Defendant and Defendant's counsel to review its privileged logs entries (1) "Power Point Presentation at Galileo Agents Conference"; (2) "St. Paul/Chubb Technology Errors & Omission policy comparison"; (3) "Technology Errors & Omissions-Training Issues"; and (4) "revisions to 'Fast Underwriting Facts' training documents" to

determine whether there are other possible individuals involved in the preparing the documents. If there are additional names of individuals involved the Court ORDERS the Defendant to divulge those names to the Plaintiff. If Defendant cannot obtain any more names, Defendant shall submit an affidavit attesting that it cannot find any other names of individuals involved. Should the parties continue to dispute the Interrogatory No. 10, the Court ORDERS the parties to meet and confer.

7. Special Interrogatory No. 11

First Set Special Interrogatory No. 11 states as follows: "IDENTIFY all individuals who drafted, authored, approved or contributed to Exhibit 7 to the REQUESTS FOR ADMISSION."

Plaintiff's counsel states that these documents are necessary because they are the Defendant's drafting history and interpretive documents regarding the Defendant's insurance policy at issue– all of which the Court ordered Defendant to produce in its July 30, 2007 Order.

In the parties joint meet and conferral letter, Plaintiff's counsel claims that Defendant failed to adequately answer the interrogatory, by qualifying the response by stating the each person "may have been" involved in preparing the document, or "possibly" or "probably" was. Additionally, Plaintiff's counsel believes Defendant should investigate its privilege log, specifically, "(1)'Power Point Presentation at Galileo Agents Conference'; (2) 'St. Paul/Chubb Technology Errors & Omissions policy comparison'; (3) 'Technology Errors & Omissions-Training Issues"; and (4) 'revisions to 'Fast Underwriting Facts' training documents.'" Further, Plaintiff's counsel Defendant should interview Mr. McCoy and Ms. Beatty to determine if they recall who participated in preparing the documents.

Defendant responded to the Interrogatory No. 11 as follows:

St. Paul objects to this request on the ground that it is vague and ambiguous and

> seeks information which is irrelevant and outside the permissible scope of discovery. Without waiving these objections, St. Paul responds as follows: St. Paul does not know with certainty who all of the people were who participated in the preparation of the document approximately seven years ago. However, St. Paul believes that those participating in the preparation or review of this document possibly included Carol Beatty, Patrick McCoy and/or Barry Butenhoff.

In parties joint meet and conferral letter, Defendant's counsel further argues Defendant has already provided complete responses, and the terminology "possibly" appropriately reflects the degree of uncertainty.

Although Plaintiff argues that these documents are necessary because they are the Defendant's drafting history and interpretive documents regarding the Defendant's insurance policy at issue, Defendant responded that they already provided complete responses. Further, Defendant claims Plaintiff has already deposed the three individuals identified in the Defendant's response to Special Interrogatory No. 11. Further, those three deposed, Mr. Butenhoff, Mr. McCoy and Ms. Beatty, provided their best recollection as to the roles and involvement that they and others had in preparing the documents. Therefore, under Federal Rule of Civil Procedure 26(b)(2)(I), the Court finds that the Defendant already provided complete responses and any other further responses would be unreasonably duplicative. However, the Court ORDERS the Defendant and Defendant's counsel to review its privileged logs entries (1) "Power Point Presentation at Galileo Agents Conference"; (2) "St. Paul/Chubb Technology Errors & Omission policy comparison"; (3) "Technology Errors & Omissions-Training Issues"; and (4) "revisions to 'Fast Underwriting Facts' training documents" to determine whether there are other possible individuals involved in the preparing the documents. If there are additional names of individuals involved the Court ORDERS the Defendant to divulge those names to the Plaintiff. If Defendant cannot obtain any more names, Defendant shall submit an affidavit attesting that it cannot find any other names of individuals involved. Should the parties

United States District Court
For the Northern District of California

continue to dispute the Interrogatory No. 11, the Court ORDERS the parties to meet and confer.

8. Special Interrogatory No. 12

First Set Special Interrogatory No. 12 states as follows: "IDENTIFY all individuals who drafted, authored, approved or contributed to Exhibit 8 to the REQUESTS FOR ADMISSION."

Plaintiff's counsel states that these documents are necessary because they are the Defendant's drafting history and interpretive documents regarding the Defendant's insurance policy at issue– all of which the Court ordered Defendant to produce in its July 30, 2007 Order.

In the parties joint meet and conferral letter, Plaintiff's counsel claims that Defendant failed to adequately answer the interrogatory, by qualifying the response by stating the each person "may have been" involved in preparing the document, or "possibly" or "probably" was. Additionally, Plaintiff's counsel believes Defendant should investigate its privilege log, specifically, "(1)'Power Point Presentation at Galileo Agents Conference'; (2) 'St. Paul/Chubb Technology Errors & Omissions policy comparison'; (3) 'Technology Errors & Omissions-Training Issues"; and (4) 'revisions to 'Fast Underwriting Facts' training documents.'" Further, Plaintiff's counsel Defendant should interview Mr. McCoy and Ms. Beatty to determine if they recall who participated in preparing the documents.

Defendant responded to the Interrogatory No. 12 as follows:

> St. Paul objects to this request on the ground that it is vague and ambiguous and seeks information which is irrelevant and outside the permissible scope of discovery. Without waiving these objections, St. Paul responds as follows: St. Paul does not know with certainty who all of the people were who participated in the preparation of the document approximately seven years ago. However, St. Paul believes that those participating in the preparation or review of this document possibly included Carol Beatty, Patrick McCoy and/or Barry Butenhoff.

**United States District Court**
For the Northern District of California

In parties joint meet and conferral letter, Defendant's counsel further argues Defendant has already provided complete responses, and the terminology "possibly" appropriately reflects the degree of uncertainty.

Although Plaintiff argues that these documents are necessary because they are the Defendant's drafting history and interpretive documents regarding the Defendant's insurance policy at issue, Defendant responded that they already provided complete responses. Further, Defendant claims Plaintiff has already deposed the three individuals identified in the Defendant's response to Special Interrogatory No. 12. Further, those three deposed, Ms. Beatty, Mr. McCoy and Mr. Butenhoff, provided their best recollection as to the roles and involvement that they and others had in preparing the documents. Therefore, under Federal Rule of Civil Procedure 26(b)(2)(I), the Court finds that the Defendant already provided complete responses and any other further responses would be unreasonably duplicative. However, the Court ORDERS the Defendant and Defendant's counsel to review its privileged logs entries (1) "Power Point Presentation at Galileo Agents Conference"; (2) "St. Paul/Chubb Technology Errors & Omission policy comparison"; (3) "Technology Errors & Omissions-Training Issues"; and (4) "revisions to 'Fast Underwriting Facts' training documents" to determine whether there are other possible individuals involved in the preparing the documents. If there are additional names of individuals involved the Court ORDERS the Defendant to divulge those names to the Plaintiff. If Defendant cannot obtain any more names, Defendant shall submit an affidavit attesting that it cannot find any other names of individuals involved. Should the parties continue to dispute the Interrogatory No. 12, the Court ORDERS the parties to meet and confer.

9. Special Interrogatory No. 13

First Set Special Interrogatory No. 13 states as follows: "IDENTIFY all

individuals who drafted, authored, approved or contributed to Exhibit 9 to the REQUESTS FOR ADMISSION."

Plaintiff's counsel states that these documents are necessary because they are the Defendant's drafting history and interpretive documents regarding the Defendant's insurance policy at issue– all of which the Court ordered Defendant to produce in its July 30, 2007 Order.

In the parties joint meet and conferral letter, Plaintiff's counsel claims that Defendant failed to adequately answer the interrogatory, by qualifying the response by stating the each person "may have been" involved in preparing the document, or "possibly" or "probably" was. Additionally, Plaintiff's counsel believes Defendant should investigate its privilege log, specifically, "(1)'Power Point Presentation at Galileo Agents Conference'; (2) 'St. Paul/Chubb Technology Errors & Omissions policy comparison'; (3) 'Technology Errors & Omissions-Training Issues"; and (4) 'revisions to 'Fast Underwriting Facts' training documents.'" Further, Plaintiff's counsel Defendant should interview Mr. McCoy and Ms. Beatty to determine if they recall who participated in preparing the documents.

Defendant responded to the Interrogatory No. 13 as follows:

> St. Paul objects to this request on the ground that it is vague and ambiguous and seeks information which is irrelevant and outside the permissible scope of discovery. Without waiving these objections, St. Paul responds as follows: St. Paul does not know with certainty who all of the people were who participated in the preparation of the document approximately seven years ago. However, St. Paul believes that those participating in the preparation or review of this document possibly included Carol Beatty, Patrick McCoy and/or Barry Butenhoff.

In parties joint meet and conferral letter, Defendant's counsel further argues Defendant has already provided complete responses, and the terminology "possibly" appropriately reflects the degree of uncertainty.

Although Plaintiff argues that these documents are necessary because they are the

Defendant's drafting history and interpretive documents regarding the Defendant's insurance policy at issue, Defendant responded that they already provided complete responses. Further, Defendant claims Plaintiff has already deposed the three individuals identified in the Defendant's response to Special Interrogatory No. 13. Further, those three deposed, Ms. Beatty, Mr. McCoy and Mr. Butenhoff, provided their best recollection as to the roles and involvement that they and others had in preparing the documents. Therefore, under Federal Rule of Civil Procedure 26(b)(2)(I), the Court finds that the Defendant already provided complete responses and any other further responses would be unreasonably duplicative. However, the Court ORDERS the Defendant and Defendant's counsel to review its privileged logs entries (1) "Power Point Presentation at Galileo Agents Conference"; (2) "St. Paul/Chubb Technology Errors & Omission policy comparison"; (3) "Technology Errors & Omissions-Training Issues"; and (4) "revisions to 'Fast Underwriting Facts' training documents" to determine whether there are other possible individuals involved in the preparing the documents. If there are additional names of individuals involved the Court ORDERS the Defendant to divulge those names to the Plaintiff. If Defendant cannot obtain any more names, Defendant shall submit an affidavit attesting that it cannot find any other names of individuals involved. Should the parties continue to dispute the Interrogatory No. 13, the Court ORDERS the parties to meet and confer.

10. Special Interrogatory No. 14

First Set Special Interrogatory No. 14 states as follows: "IDENTIFY all individuals who drafted, authored, approved or contributed to Exhibit 10 to the REQUESTS FOR ADMISSION."

Plaintiff's counsel states that these documents are necessary because they are the Defendant's drafting history and interpretive documents regarding the Defendant's insurance policy at issue– all of which the Court ordered Defendant to produce in its July 30, 2007 Order.

In the parties joint meet and conferral letter, Plaintiff's counsel claims that Defendant failed to adequately answer the interrogatory, by qualifying the response by stating the each person "may have been" involved in preparing the document, or "possibly" or "probably" was. Additionally, Plaintiff's counsel believes Defendant should investigate its privilege log, specifically, "(1)'Power Point Presentation at Galileo Agents Conference'; (2) 'St. Paul/Chubb Technology Errors & Omissions policy comparison'; (3) 'Technology Errors & Omissions-Training Issues"; and (4) 'revisions to 'Fast Underwriting Facts' training documents.'" Further, Plaintiff's counsel Defendant should interview Mr. McCoy and Ms. Beatty to determine if they recall who participated in preparing the documents.

Defendant responded to the Interrogatory No. 14 as follows:

> St. Paul objects to this request on the ground that it is vague and ambiguous and seeks information which is irrelevant and outside the permissible scope of discovery. Without waiving these objections, St. Paul responds as follows: St. Paul does not know with certainty who all of the people were who participated in the preparation of the document approximately seven years ago. However, St. Paul believes that that Barry Butenhoff may have prepared the document.

Although Plaintiff argues that these documents are necessary because they are the Defendant's drafting history and interpretive documents regarding the Defendant's insurance policy at issue, Defendant responded that they already provided complete responses. Further, Defendant claims Plaintiff has already deposed the one individuals identified in the Defendant's response to Special Interrogatory No. 14. Further, Plaintiff noticed the deposition of Mr. Butenhoff on Nov. 9, and the Plaintiff could have questioned him about the documents but the Plaintiff decided to drop that deposition. Therefore, under Federal Rule of Civil Procedure 26(b)(2)(I), the Court finds that the Defendant already provided complete responses and any other further responses would be unreasonably duplicative. However, the Court ORDERS the Defendant and Defendant's counsel to

review its privileged logs entries (1) "Power Point Presentation at Galileo Agents Conference"; (2) "St. Paul/Chubb Technology Errors & Omission policy comparison"; (3) "Technology Errors & Omissions-Training Issues"; and (4) "revisions to 'Fast Underwriting Facts' training documents" to determine whether there are other possible individuals involved in the preparing the documents. If there are additional names of individuals involved the Court ORDERS the Defendant to divulge those names to the Plaintiff. If Defendant cannot obtain any more names, Defendant shall submit an affidavit attesting that it cannot find any other names of individuals involved. Should the parties continue to dispute the Interrogatory No. 14, the Court ORDERS the parties to meet and confer.

11. Special Interrogatory No. 15

First Set Special Interrogatory No. 15 states as follows: "IDENTIFY all individuals who drafted, authored, approved or contributed to Exhibit 11 to the REQUESTS FOR ADMISSION."

Plaintiff's counsel states that these documents are necessary because they are the Defendant's drafting history and interpretive documents regarding the Defendant's insurance policy at issue– all of which the Court ordered Defendant to produce in its July 30, 2007 Order.

In the parties joint meet and conferral letter, Plaintiff's counsel claims that Defendant failed to adequately answer the interrogatory, by qualifying the response by stating the each person "may have been" involved in preparing the document, or "possibly" or "probably" was. Additionally, Plaintiff's counsel believes Defendant should investigate its privilege log, specifically, "(1)'Power Point Presentation at Galileo Agents Conference'; (2) 'St. Paul/Chubb Technology Errors & Omissions policy comparison'; (3) 'Technology Errors & Omissions-Training Issues"; and (4) 'revisions to 'Fast Underwriting Facts' training documents.'" Further, Plaintiff's counsel Defendant should interview Mr. McCoy and Ms. Beatty to determine if they recall who participated in

United States District Court
For the Northern District of California

preparing the documents.

Defendant responded to the Interrogatory No. 15 as follows:

> St. Paul objects to this request on the ground that it is vague and ambiguous and seeks information which is irrelevant and outside the permissible scope of discovery. Without waiving these objections, St. Paul responds as follows: St. Paul does not know with certainty who all of the people were who participated in the preparation of the document approximately seven years ago. However, St. Paul believes that Barry Butenhoff may have prepared the document.

Although Plaintiff argues that these documents are necessary because they are the Defendant's drafting history and interpretive documents regarding the Defendant's insurance policy at issue, Defendant responded that they already provided complete responses. Further, Defendant claims Plaintiff has already deposed the one individuals identified in the Defendant's response to Special Interrogatory No. 15. Further, Plaintiff noticed the deposition of Mr. Butenhoff on Nov. 9, and the Plaintiff could have questioned him about the documents but the Plaintiff decided to drop that deposition. Therefore, under Federal Rule of Civil Procedure 26(b)(2)(I), the Court finds that the Defendant already provided complete responses and any other further responses would be unreasonably duplicative. However, the Court ORDERS the Defendant and Defendant's counsel to review its privileged logs entries (1) "Power Point Presentation at Galileo Agents Conference"; (2) "St. Paul/Chubb Technology Errors & Omission policy comparison"; (3) "Technology Errors & Omissions-Training Issues"; and (4) "revisions to 'Fast Underwriting Facts' training documents" to determine whether there are other possible individuals involved in the preparing the documents. If there are additional names of individuals involved the Court ORDERS the Defendant to divulge those names to the Plaintiff. If Defendant cannot obtain any more names, Defendant shall submit an affidavit attesting that it cannot find any other names of individuals involved. Should the parties continue to dispute the Interrogatory No. 6, the Court ORDERS the parties to meet and confer.

United States District Court
For the Northern District of California

12. Special Interrogatory No. 16

First Set Special Interrogatory No. 16 states as follows: "IDENTIFY all individuals who drafted, authored, approved or contributed to Exhibit 12 to the REQUESTS FOR ADMISSION."

Plaintiff's counsel states that these documents are necessary because they are the Defendant's drafting history and interpretive documents regarding the Defendant's insurance policy at issue– all of which the Court ordered Defendant to produce in its July 30, 2007 Order.

In the parties joint meet and conferral letter, Plaintiff's counsel claims that Defendant failed to adequately answer the interrogatory, by qualifying the response by stating the each person "may have been" involved in preparing the document, or "possibly" or "probably" was. Additionally, Plaintiff's counsel believes Defendant should investigate its privilege log, specifically, "(1)'Power Point Presentation at Galileo Agents Conference'; (2) 'St. Paul/Chubb Technology Errors & Omissions policy comparison'; (3) 'Technology Errors & Omissions-Training Issues"; and (4) 'revisions to 'Fast Underwriting Facts' training documents.'" Further, Plaintiff's counsel Defendant should interview Mr. McCoy and Ms. Beatty to determine if they recall who participated in preparing the documents.

Defendant responded to the Interrogatory No. 16 as follows:

> St. Paul objects to this request on the ground that it is vague and ambiguous and seeks information which is irrelevant and outside the permissible scope of discovery. Without waiving these objections, St. Paul responds as follows: St. Paul does not know with certainty who all of the people were who participated in the preparation of the document approximately seven years ago. However, St. Paul believes that those participating in the preparation or review of this document possibly included Carol Beatty, Barry Butenhoff, Patrick McCoy and/or Robert Ditmore.

In parties joint meet and conferral letter, Defendant's counsel further argues Defendant has

already provided complete responses, and the terminology "possibly" appropriately reflects the degree of uncertainty.

Although Plaintiff argues that these documents are necessary because they are the Defendant's drafting history and interpretive documents regarding the Defendant's insurance policy at issue, Defendant responded that they already provided complete responses. Further, Defendant claims Plaintiff has already deposed the three individuals out of the four identified in the Defendant's response to Special Interrogatory No. 16. Further, those three deposed, Ms. Beatty, Mr. McCoy and Mr. Butenhoff, provided their best recollection as to the roles and involvement that they and others had in preparing the documents. Therefore, under Federal Rule of Civil Procedure 26(b)(2)(I), the Court finds that the Defendant already provided complete responses and any other further responses would be unreasonably duplicative. However, the Court ORDERS the Defendant and Defendant's counsel to review its privileged logs entries (1) "Power Point Presentation at Galileo Agents Conference"; (2) "St. Paul/Chubb Technology Errors & Omission policy comparison"; (3) "Technology Errors & Omissions-Training Issues"; and (4) "revisions to 'Fast Underwriting Facts' training documents" to determine whether there are other possible individuals involved in the preparing the documents. If there are additional names of individuals involved the Court ORDERS the Defendant to divulge those names to the Plaintiff. If Defendant cannot obtain any more names, Defendant shall submit an affidavit attesting that it cannot find any other names of individuals involved. Should the parties continue to dispute the Interrogatory No. 16, the Court ORDERS the parties to meet and confer.

## IV. CONCLUSION

The Court ORDERS as follows:

1) Defendant and Defendant's counsel shall review its privileged logs entries (1) "Power Point Presentation at Galileo Agents Conference"; (2) "St. Paul/Chubb Technology Errors & Omission policy comparison"; (3) "Technology Errors & Omissions-Training Issues"; and (4) "revisions to 'Fast Underwriting Facts' training documents" to determine whether there are other possible individuals involved in the preparing the documents. If there are additional names of individuals involved the Court ORDERS the Defendant to divulge those

names to the Plaintiff. If Defendant cannot obtain any more names, Defendant shall submit an affidavit attesting that it cannot find any other names of individuals involved. Should the parties continue to dispute the Interrogatory No. 6, the Court ORDERS the parties to meet and confer.

2) Defendant and Defendant's counsel shall review its privileged logs entries (1) "Power Point Presentation at Galileo Agents Conference"; (2) "St. Paul/Chubb Technology Errors & Omission policy comparison"; (3) "Technology Errors & Omissions-Training Issues"; and (4) "revisions to 'Fast Underwriting Facts' training documents" to determine whether there are other possible individuals involved in the preparing the documents. If there are additional names of individuals involved the Court ORDERS the Defendant to divulge those names to the Plaintiff. If Defendant cannot obtain any more names, Defendant shall submit an affidavit attesting that it cannot find any other names of individuals involved. Should the parties continue to dispute the Interrogatory No. 7, the Court ORDERS the parties to meet and confer.

3) Defendant and Defendant's counsel shall review its privileged logs entries (1) "Power Point Presentation at Galileo Agents Conference"; (2) "St. Paul/Chubb

United States District Court
For the Northern District of California

Technology Errors & Omission policy comparison"; (3) "Technology Errors & Omissions-Training Issues"; and (4) "revisions to 'Fast Underwriting Facts' training documents" to determine whether there are other possible individuals involved in the preparing the documents. If there are additional names of individuals involved the Court ORDERS the Defendant to divulge those names to the Plaintiff. If Defendant cannot obtain any more names, Defendant shall submit an affidavit attesting that it cannot find any other names of individuals involved. Should the parties continue to dispute the Interrogatory No. 8, the Court ORDERS the parties to meet and confer.

4) Defendant and Defendant's counsel shall review its privileged logs entries (1) "Power Point Presentation at Galileo Agents Conference"; (2) "St. Paul/Chubb Technology Errors & Omission policy comparison"; (3) "Technology Errors & Omissions-Training Issues"; and (4) "revisions to 'Fast Underwriting Facts' training documents" to determine whether there are other possible individuals involved in the preparing the documents. If there are additional names of individuals involved the Court ORDERS the Defendant to divulge those names to the Plaintiff. If Defendant cannot obtain any more names, Defendant shall submit an affidavit attesting that it cannot find any other names of individuals involved. Should the parties continue to dispute the Interrogatory No. 9, the Court ORDERS the parties to meet and confer.

5) Defendant and Defendant's counsel shall review its privileged logs entries (1) "Power Point Presentation at Galileo Agents Conference"; (2) "St. Paul/Chubb Technology Errors & Omission policy comparison"; (3) "Technology Errors & Omissions-Training Issues"; and (4) "revisions to 'Fast Underwriting Facts' training documents" to determine whether there are other possible individuals involved in the preparing

United States District Court
For the Northern District of California

the documents. If there are additional names of individuals involved the Court ORDERS the Defendant to divulge those names to the Plaintiff. If Defendant cannot obtain any more names, Defendant shall submit an affidavit attesting that it cannot find any other names of individuals involved. Should the parties continue to dispute the Interrogatory No. 10, the Court ORDERS the parties to meet and confer.

6) Defendant and Defendant's counsel shall review its privileged logs entries (1) "Power Point Presentation at Galileo Agents Conference"; (2) "St. Paul/Chubb Technology Errors & Omission policy comparison"; (3) "Technology Errors & Omissions-Training Issues"; and (4) "revisions to 'Fast Underwriting Facts' training documents" to determine whether there are other possible individuals involved in the preparing the documents. If there are additional names of individuals involved the Court ORDERS the Defendant to divulge those names to the Plaintiff. If Defendant cannot obtain any more names, Defendant shall submit an affidavit attesting that it cannot find any other names of individuals involved. Should the parties continue to dispute the Interrogatory No. 5, the Court ORDERS the parties to meet and confer.

7) Defendant and Defendant's counsel shall review its privileged logs entries (1) "Power Point Presentation at Galileo Agents Conference"; (2) "St. Paul/Chubb Technology Errors & Omission policy comparison"; (3) "Technology Errors & Omissions-Training Issues"; and (4) "revisions to 'Fast Underwriting Facts' training documents" to determine whether there are other possible individuals involved in the preparing the documents. If there are additional names of individuals involved the Court ORDERS the Defendant to divulge those names to the Plaintiff. If Defendant cannot obtain any more names, Defendant shall submit an affidavit attesting that it cannot

United States District Court
For the Northern District of California

find any other names of individuals involved. Should the parties continue to dispute the Interrogatory No. 11, the Court ORDERS the parties to meet and confer.

8) Defendant and Defendant's counsel shall review its privileged logs entries (1) "Power Point Presentation at Galileo Agents Conference"; (2) "St. Paul/Chubb Technology Errors & Omission policy comparison"; (3) "Technology Errors & Omissions-Training Issues"; and (4) "revisions to 'Fast Underwriting Facts' training documents" to determine whether there are other possible individuals involved in the preparing the documents. If there are additional names of individuals involved the Court ORDERS the Defendant to divulge those names to the Plaintiff. If Defendant cannot obtain any more names, Defendant shall submit an affidavit attesting that it cannot find any other names of individuals involved. Should the parties continue to dispute the Interrogatory No. 12, the Court ORDERS the parties to meet and confer.

9) Defendant and Defendant's counsel shall review its privileged logs entries (1) "Power Point Presentation at Galileo Agents Conference"; (2) "St. Paul/Chubb Technology Errors & Omission policy comparison"; (3) "Technology Errors & Omissions-Training Issues"; and (4) "revisions to 'Fast Underwriting Facts' training documents" to determine whether there are other possible individuals involved in the preparing the documents. If there are additional names of individuals involved the Court ORDERS the Defendant to divulge those names to the Plaintiff. If Defendant cannot obtain any more names, Defendant shall submit an affidavit attesting that it cannot find any other names of individuals involved. Should the parties continue to dispute the Interrogatory No. 13, the Court ORDERS the parties to meet and confer.

United States District Court
For the Northern District of California

10) Defendant and Defendant's counsel shall review its privileged logs entries (1) "Power Point Presentation at Galileo Agents Conference"; (2) "St. Paul/Chubb Technology Errors & Omission policy comparison"; (3) "Technology Errors & Omissions-Training Issues"; and (4) "revisions to 'Fast Underwriting Facts' training documents" to determine whether there are other possible individuals involved in the preparing the documents. If there are additional names of individuals involved the Court ORDERS the Defendant to divulge those names to the Plaintiff. If Defendant cannot obtain any more names, Defendant shall submit an affidavit attesting that it cannot find any other names of individuals involved. Should the parties continue to dispute the Interrogatory No. 14, the Court ORDERS the parties to meet and confer.

11) Defendant and Defendant's counsel shall review its privileged logs entries (1) "Power Point Presentation at Galileo Agents Conference"; (2) "St. Paul/Chubb Technology Errors & Omission policy comparison"; (3) "Technology Errors & Omissions-Training Issues"; and (4) "revisions to 'Fast Underwriting Facts' training documents" to determine whether there are other possible individuals involved in the preparing the documents. If there are additional names of individuals involved the Court ORDERS the Defendant to divulge those names to the Plaintiff. If Defendant cannot obtain any more names, Defendant shall submit an affidavit attesting that it cannot find any other names of individuals involved. Should the parties continue to dispute the Interrogatory No. 15, the Court ORDERS the parties to meet and confer.

12) Defendant and Defendant's counsel shall review its privileged logs entries (1) "Power Point Presentation at Galileo Agents Conference"; (2) "St. Paul/Chubb Technology Errors & Omission policy comparison"; (3) "Technology Errors &

United States District Court
For the Northern District of California

Omissions-Training Issues"; and (4) "revisions to 'Fast Underwriting Facts' training documents" to determine whether there are other possible individuals involved in the preparing the documents. If there are additional names of individuals involved the Court ORDERS the Defendant to divulge those names to the Plaintiff. If Defendant cannot obtain any more names, Defendant shall submit an affidavit attesting that it cannot find any other names of individuals involved. Should the parties continue to dispute the Interrogatory No. 16, the Court ORDERS the parties to meet and confer.

IT IS SO ORDERED.

Dated: April 9, 2008

**United States District Court**
For the Northern District of California

30